## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Charlene M. Vianello,<br><br>                       *Debtor*. | Case No. 22-10187-amc<br>Chapter 13 |

## ORDER

**AND NOW**, after consideration of the Motion to Approve Sale of Real Property filed by Debtor Charlene M. Vianello, after notice and hearing, and with the consent of chapter 13 standing Trustee Kenneth E. West, the Court finds that the sale is in the best interest of the bankruptcy estate and its creditors and is otherwise proper under 11 U.S.C. §§ 363 and 1303. For those reasons, is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtor may sell the real property located at **10932 Templeton Drive** in Philadelphia, Pennsylvania ("the Property"), for consideration of no less than $185,000.00, to Ember Enterprises Inc. ("the Buyer"), pursuant to the sale agreement dated January 31, 2025.

3. The Debtor is authorized to retain Compass Real Estate ("the Broker") as her real estate broker and compensation is allowed to the Broker in an amount not to exceed six percent of the total sale price, without further application, notice, or hearing.

4. The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, must be distributed in a manner substantially as follows:

   | | |
   |---|---:|
   | Ordinary and reasonable settlement costs | $1,500.00 |
   | Broker Commission | $11,100.00 |
   | Kenneth E. West, Chapter 13 Trustee | $36,750.00 |
   | Debtor | $135,650.00 |

5. Notwithstanding the amounts provided above, the City of Philadelphia must be paid at closing on its statutory liens in amounts required to provide the Buyer with clear title.

6. The title clerk must email a completed settlement sheet to the Trustee at settlementsheet@ph13trustee.com upon closing, and the Trustee must promptly thereafter notify the title company of his approval or objection to

the sums to be disbursed. Upon approval, the title clerk must email a copy of the disbursement check to the Trustee and immediately transmit the disbursement check made payable to "Kenneth E. West, Chapter 13 Trustee," via overnight courier to the Trustee at 190 N. Independence Mall West, Suite 701, Philadelphia, PA 19106.

7. The Property must be sold within sixty days after the entry of this order.

8. Notwithstanding the terms of the confirmed chapter 13 plan, the Trustee is authorized to adjust the percentage paid to unsecured claims, based on the funds received, up to 100% in accordance with 11 U.S.C. § 1329.

9. The stay imposed by Fed. R. Bankr. P. 6004(h) is waived, and this order is effective immediately.

Date:
**Date: February 20, 2025**

Ashely M. Chan
Chief U.S. Bankruptcy Judge

2